**MILLS v. UNITED STATES.**

No. 13147.

United States Court of Appeals Fifth Circuit.

Nov. 17, 1950.

Fred Otis Mills, in pro. per.

R. Daniel Settle, Asst. U. S. Atty., Ft. Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

PER CURIAM.

Convicted on his plea of guilty of an escape, in violation of Title 18 U.S.C.A. § 751, and sentenced to serve three years to run consecutively with any sentence he was then serving, defendant appealed, assigning two grounds for reversal.

1. This shows that he was brought into Court, that the indictment was read to him, whereupon the court stated: "Mr. Mills, you have heard the charge of escaping from an institution in which you were confined by law. Do you plead guilty, or not guilty?"

The defendant: "I want to enter a plea of guilty to that, and there are some extenuating circumstances that I would like to state to the Court, if I may."

After considerable colloquy, in which it appeared that the defendant had had quite a criminal record and that he stated that he had never in his life before asked a judge to give him a break, that he had always walked up and pleaded guilty, but that he would like to get some consideration here, the judge said: "I feel it will be doing society a good turn to retire you, so that you would not be disturbing them. Let's just see how many arrests are charged to you here. * * * there are thirty-nine criminal cases, and many of which are burglary."

"The defendant: I have never been convicted but one time for that * * ".

The judge then sentenced him to serve five years to run consecutively. The defendant giving notice of appeal, the court said, "I don't see any ground for appeal, but the Rules prescribe those forms, and you can have the Court of Appeals, go down there and affirm it."

Then in the afternoon of the same day, the following occurred:

"Mr. Binion: "May it please the Court, Mr. Stephens is here, that you requested come over and advise with Mills."

"The Court: Yes".

One of these, a matter which presents nothing for our consideration, is that the court erred in overruling defendant's motion to reduce sentence. The other is that defendant was denied his constitutional rights to counsel as provided by the Sixth Amendment, in that without having the indictment and the nature and consequences of his plea explained to him, and without the effective aid of counsel to assist him in his trial, defendant's plea of guilty was taken, and he was sentenced thereon. In support of his claim, defendant had brought up the stenographic record [1] of the proceedings in his case.

Thereafter counsel for the government and for the defendant were heard upon the sentence to be imposed, and the court sen-

"Mr. Binion: And the Marshal tells us they have gone after him now, and will have him here shortly."

"The Court: Very well. Mr. Stephens, we have a gentleman, a party here by the name of Mills that wants to appeal his case, and we are setting the judgment aside, and let you be present when the judgment is entered, so you will be in a better position to sort of shape up his appeal for him. We are going to enable him to make a record, and look after his appeal. You can just remain in court until we bring the man in."

"Mr. Stephens: Thank you, Sir."

*    *    *    *    *    *

"The Court: Mr. Mills, we decided to appoint you a lawyer, to guide you with reference to your appeal, and in order that he be familiar with it, we are going to set aside the hearing you had, and your plea of guilty, and grant a new trial in the matter, and we will now call the case on trial, and we have appointed Mr. Stephens as your lawyer."

(Indictment was here read)

"The Court: Let the Defendant stand. You have heard the charges presented by the District Attorney, Mr. Mills?"

"The defendant: Yes, sir."

"The court: Will your plea be guilty, or not guilty?"

"The defendant: I will just enter a plea of guilty."

"The court: I did not get the plea?"

"The defendant: A plea of guilty, your Honor."

"The court: All right, and be seated now, and I will hear the Government's investigation concisely stated, and I will hear from counsel and from yourself."

tenced the defendant to three years to run consecutively with another sentence he was then serving.

On this record the defendant insists that the record does not show that he had the advice of counsel appointed to aid him in making his plea, but it shows on the contrary that no counsel was appointed to assist him in doing so. He points to the statements of the court and to the whole record showing that the appointment of the counsel was for the purpose merely to shape up his appeal for him. He insists that it is a complete contradiction in terms to say that a lawyer appointed, as this record shows, to assist him in an appeal from a judgment already determined upon is an appointment of counsel, to assist him in pleading and trying his case, within the constitutional provision.

We agree with appellant that the record supports his claim that he was neither advised of his right to counsel, nor was counsel appointed, to help him make his plea. The whole record, including the statements of the judge and the letters of the counsel show conclusively that he was not appointed to assist the defendant in determining what he should plead and whether he had a defense to the case, but merely to assist him to make an appeal from a judgment which had been set aside only to be re-entered. The fact that the judgment on the second entry was for a shorter sentence than on the first entry and the fact that counsel appointed to help him upon his appeal made a plea to the judge for clemency cannot change the undisputed fact that the defendant was not furnished competent and experienced counsel to assist him in determining what plea he should make and that the defendant was required to make his plea of guilty without assistance or benefit of counsel.

Whether this kind of showing would subject the judgment to collateral attack in a proceeding under Sec. 2255, 28 U.S.C.A. or upon *habeas corpus* as entered in deprivation of appellant's constitutional rights, we need not now determine. This is a direct appeal and we are called upon only to determine upon such an appeal whether the facts shown by this record require a rever-

sal of the judgment on the ground that the defendant did not have the trial guaranteed to him by the constitution. We do not think that he did.

It is true that the defendant had quite a criminal record and that he pleaded guilty to the offense, but if he was deprived of his constitutional rights in the trial from which this appeal comes, neither of these matters would be material.

Further, he now claims that he did not understand the nature and character of the offense charged, and that if he had had the benefit of competent legal advice, he would have been advised to plead not guilty and stand trial.

Whether he will be advised to plead guilty or will be found guilty, or what advice if he had had counsel, that counsel would have given him, we cannot determine. All of these matters will have to be determined at another trial. It is sufficient to say that upon this record the judgment of conviction on defendant's plea of guilty may not stand. It is reversed and the cause is remanded for further and not inconsistent proceedings.