## BROWN v. HUNTER, Warden.

### No. 4185.

United States Court of Appeals
Tenth Circuit.

March 1, 1951.

Earl Howard Brown, per se, for appellant.

Lester Luther, U. S. Atty., and V. J. Bowersock, Asst. U. S. Atty., Topeka, Kan., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas, dismissing a petition for writ of habeas corpus. The facts are these:

While serving an 18-month sentence imposed by the United States District Court for the Southern District of California, appellant escaped and was subsequently convicted upon a plea of guilty of a violation of the Escape Act, 18 U.S.C.A. § 751, and was sentenced in .the United States District Court for the District of Arizona to a term of five years.

It being brought to the attention of the Arizona Court that its judgment did not recite whether the five-year .sentence was to run concurrently or consecutively with. the California judgment and sentence, an amended judgment was entered correcting the sentence by providing that the five-year sentence run consecutively with the California sentence. Because of a ruling by an Assistant United States Attorney General holding that the modified judgment was void because it amounted to an extension of punishment, upon motion of the Government, an order was entered setting aside the amended judgment.

Having served the 18-month sentence imposed by the California Court, appellant filed this action. His theory is that the amended judgment making the five-year sentence run concurrently with the 18-month California sentence had the effect of annulling the original judgment and that when this amended judgment was subsequently set aside it did not reinstate the original judgment. From this he concludes that there is now no judgment in this case and that having served the 18-month California sentence, he is entitled to his release

Appellant did not attempt to comply with Section 2255, Title 28 U.S.C.A. He excuses his failure to do so on the ground that there is in fact no judgment, valid or otherwise, in force. Section 2255 does not operate to take away the right of a prisoner to urge the contention that he is being held in confinement without any judgment of a court. Under such conditions he could challenge his unlawful detention by writ of habeas corpus without first resorting to the procedure under Section 2255.

The weakness of appellant's argument, however, is his contention that the original judgment of five years' sentence no longer exists. The amended judgment did not set aside the original judgment, it merely undertook to amend it by clarifying the time when it should begin. Neither did the order setting aside the amended judgment annul the original judgment. It merely vacated and set aside the second judgment entered for the purpose of clarifying the original judgment. The original judgment is still in force. We see no infirmity in it, but if there is, it was appellant's duty to first comply with the provisions of Section 2255. Having failed to do so, he had no right to maintain this action and his petition for habeas corpus should have been dismissed.

The judgment of the trial court, in any event, is right, and is, therefore, affirmed.