## MILLS v. UNITED STATES.
### No. 13668.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1951.

Rehearing Denied March 6, 1952.

---

Fred Otis Mills, pro. per.

Cavett S. Binion, Asst. U. S. Atty., Ft. Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

PER CURIAM.

This is the second time that appellant has been here on an appeal from a conviction for escape from the hospital where he was serving a sentence for violation of the narcotic laws.

When he was here before,[1] the judgment entered on his plea of guilty was reversed on the ground that defendant did not have the effective aid of counsel to assist him, nor did he adequately waive that assistance.

On reversal the case was tried on a plea of not guilty, appellant being represented by two court-appointed attorneys of good standing and capacity.

While his claim is that he did not have a fair trial, his principal attack on this appeal is on his counsel, because they did not set up defenses he wanted set up, summon witnesses he thought necessary, and take positions he wanted taken.

In each of the instances the counsel were of the opinion and so advised him that these positions were groundless and that the testimony of the witnesses summoned would not avail him, and we find that the views of the counsel were taken in good faith and were sound.

It is true that appellant was not satisfied with his counsel and wanted others appointed and that, because of his express dissatisfaction and difference of opinion with them, he made representation by the counsel difficult. Notwithstanding his attitude, counsel represented him as best they could and, in addition, he was permitted, with their assistance, to represent himself.

The only defense offered, if it was a defense, was that he really did not intend to escape, that he had taken so many pills that he did not know exactly what he was doing. The undisputed facts, however, including his own testimony, show that he left the hospital in Fort Worth, Texas, and was later arrested in Colorado, and that he did actually escape, and the only defense which he could have to the charge, if this was a defense, was that he had taken so many pills gotten from the pharmacy, where he was allowed as a trusty to be, that he did not know what he was doing. This defense, if it was a defense, was submitted to the jury.

While it is unfortunate that the trial had to be conducted in an atmosphere of contention between appellant and his attorneys, it is quite plain that the record presents no reason for reversal.

The judgment is affirmed.

1. 185 F.2d 137.