**MILLS v. HUNTER, Warden.**

**No. 4599.**

United States Court of Appeals, Tenth Circuit.

April 28, 1953.

---

469

Sherman G. Finesilver, Denver, Colo., for appellant.

Charles H. Rooney, Asst. U. S. Atty., Topeka, Kan. (Eugene W. Davis, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Fred Otis Mills, hereinafter referred to as petitioner, instituted this proceeding in habeas corpus against Walter A. Hunter, warden of the federal penitentiary at Leavenworth, Kansas. The cause was submitted to the court on facts not in controversy. Judgment was entered denying the petition for the writ and remanding petitioner to the custody of the warden. Petitioner appealed.

On February 4, 1949, in a cause pending in the United States Court for Western Oklahoma, petitioner was sentenced to imprisonment for a period of three years on each of two counts contained in the indictment, with provision that the sentences should run concurrently. On the same day and in the same court but in a second case, petitioner was sentenced to imprisonment for a period of three years on each of two counts contained in the indictment, with provision that the sentences should run concurrently with each other and concurrently with the sentences imposed in the first case. On November 8, 1949, in a case pending in the United States Court for Colorado, petitioner was sentenced to imprisonment for three years on each of two counts contained in the indictment, with provision that such sentences should run concurrently with each other and "concurrently with the sentence for which the defendant was originally incarcerated". On February 15, 1950, while he was serving the several sentences previously referred to, the United States Court for Northern Texas sentenced petitioner to imprisonment for a term of three years, with provision that the sentence should run consecutively to any sentence he was then serving. The judgment was reversed on appeal. Mills v. U. S., 5 Cir., 185 F.2d 137. On March 23, 1951, after remand of the cause, petitioner was sentenced to imprisonment for a term of five years, with provision that the sentence "is not to run concurrently with any sentence now being served by said defendant." The judgment was affirmed, 5 Cir., 193 F.2d 174, and certiorari was denied, 343 U.S. 969, 72 S.Ct. 1067, 96 L.Ed. 1365. On August 6, 1952, the trial court entered

470

an order reducing the sentence to two years in prison. Otherwise, the sentence remained unchanged.

■ Petitioner challenges the validity of the provision contained in the judgment of the court in Texas that the sentence should not run concurrently with any sentence then being served by him. It is argued in support of the challenge that if a court attempts to make its sentence run consecutively to another sentence or other sentences such intent must be expressed in clear, definite, and certain terms in the judgment; that the provision in question was vague, indefinite, and uncertain; and that therefore it was void. It is provided by statute, 28 U.S.C. § 2255, that a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack, may move the court which imposed such sentence to vacate, set aside, or correct it. The purpose of the statute was to provide that the attack upon a judgment which previously might have been made in a proceeding in habeas corpus should be made by motion filed in the criminal case, unless for some reason the remedy by motion is inadequate or ineffective to test the legality of the prisoner's detention. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Taylor v. United States, 4 Cir., 177 F.2d 194; Barnes v. Hunter, 10 Cir., 188 F.2d 86, certiorari denied, 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688. And the remedy by motion is exclusive. A prisoner may not ignore the statute and proceed in habeas corpus. Neither may he have resort to habeas corpus after exhausting his remedy under the statute. Meyers v. Welch, 4 Cir., 179 F.2d 707; Clough v. Hunter, 10 Cir., 191 F.2d 516.

■■ It is clear that this action could not be maintained if its sole purpose were to attack the provision contained in the judgment to which reference has been made on the ground of invalidity. Petitioner would have to proceed by motion filed in the criminal case in Texas to have a question of that kind adjudicated. But this action in its full sweep goes far beyond merely attacking the validity of the provision contained in the judgment. The gravamen of the action is that the provision contained in the judgment being indefinite, vague, and uncertain, it is void; that such provision being void, the sentence ran concurrently with the other existing sentences; that the sentence has been fully served; and that even though the sentence has been fully served, the warden continues to confine petitioner in violation of his constitutional right of liberty. The crux of the case is that under the law, the sentence began to run immediately upon entry of the judgment; that under the law, the sentence ran concurrently with the other existing sentences; and that the sentence has been served in full. A prisoner may be heard in habeas corpus to contend that he is being held in confinement without any judgment of a court, or that he is being held after having fully served the sentence for which he was committed. Section 2255, supra, does not take away the right to urge such a question in habeas corpus. Brown v. Hunter, 10 Cir., 187 F.2d 543.

■■ The nebulous contention that the provision contained in the judgment of the court in Texas to the effect that the sentence should not run concurrently with any sentence then being served by petitioner is void lacks merit. Where sentences are imposed upon two or more indictments, or upon two or more counts in a single indictment, in the absence of some definite and specific provision that they shall run consecutively, each sentence begins to run at once and they all run concurrently. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Subas v. Hudspeth, 10 Cir., 122 F.2d 85; Ziebart v. Hunter, 10 Cir., 177 F.2d 847. But even though a sentence in a criminal case should be reasonably definite, certain, and consistent in its several provisions and should disclose on its face with fair certainty the intent of the trial court, the elimination of every conceivable doubt is not essential to

its validity and enforcement. United States v. Daugherty, supra; Subas v. Hudspeth, supra; Smith v. United States, 10 Cir., 177 F.2d 434; Ziebart v. Hunter, supra.

Petitioner was serving several sentences at the time of the imposition of the sentence by the court in Texas. That sentence provided in language sufficiently clear to indicate without doubt or uncertainty the intent and purpose of the court that it should not run concurrently with any of the sentences previously imposed upon petitioner and then being served by him, and that instead service of such sentence should begin when service of the other sentences had been completed. Viewed in the light of such provision, it cannot be said that service of the sentence began immediately and ran concurrently with the other sentences then being served. And since service of the sentence did not begin immediately and run concurrently with the other sentences, it has not been fully served and petitioner is not being wrongfully detained in violation of his right to freedom.

The judgment denying the petition for the writ is

Affirmed.