**Jimmie DARNELL, Appellant,**

v.

**Chesley H. LOONEY, Warden U. S. Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 5446.**

United States Court of Appeals
Tenth Circuit.

Nov. 30, 1956.

Jimmie Darnell, pro se.

E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PER CURIAM.

This was a proceeding in habeas corpus. The substance of the petition for the writ was that an indictment containing seven counts was returned against petitioner in the United States Court for the Northern District of Texas; that on May 21, 1948, the court sentenced petitioner to imprisonment for a period of two years on each count and provided that the several sentences should run consecutively but failed to provide the order of sequence in which the sentences should be served; that in the absence of a provision fixing the sequence in which the several sentences should be served, they all began to run on the day of their imposition and ran concurrently with each other; that the several sentences had thus been fully served; and that petitioner should be discharged. The petition for the writ was denied and petitioner appealed.

A prisoner in a federal penitentiary may be heard to contend in a proceeding in habeas corpus that he has fully served the sentence or sentences imposed upon him and therefore should be discharged from further confinement. Title 28, section 2255, United States Code, does not impinge upon the right to urge such a contention in habeas corpus. Brown v. Hunter, 10 Cir., 187 F. 2d 543; Mills v. Hunter, 10 Cir., 204 F. 2d 468.

But here the judgment entered in the criminal case expressly provided in clear language that the several sentences should run consecutively, not concurrently. And where a court imposes two or more sentences and provides that they shall run consecutively but fails to fix the order in which they shall be served, they are to be served in their numerical order. Subas v. Hudspeth, 10 Cir., 122 F.2d 85. The several sentences

imposed upon petitioner to run consecutively not having been fully served in that order, petitioner was not entitled to be discharged.

The judgment denying the petition for the writ is affirmed.