**James W. CARPENTER, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 8555.**

United States Court of Appeals Tenth Circuit.

April 7, 1966.

Tom Boone, Leavenworth, Kan., for appellant.

Richard H. Seaton, Topeka, Kan., for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

BOHANON, District Judge.

This is an appeal from an Order of the District Court of Kansas denying Petitioner Carpenter relief on his Petition for Writ of Habeas Corpus. Petitioner is presently serving a sentence in the Kansas State Prison. He was convicted in the District Court of Wyandotte County, Kansas, after a jury trial of burglary in the second degree and larceny in connection therewith. This crime carries a penalty of not less than five years nor more than ten years. K.S.A. 21–523. At the time of sentencing, the State introduced evidence of a prior conviction by a military court-martial, and the Court, under the Habitual Criminal Act of Kansas,[1] K.S.A. 21–107a, doubled the applicable sentence, that is, from ten to twenty years.

---

1. "Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the penalty of the second conviction; * * *."

The District Court appointed counsel for Carpenter and held an evidentiary hearing, at which Carpenter was present with his attorney.

The Petitioner raises two questions:

a. That his prior court-martial conviction was used as a "prior penalty" to invoke the Habitual Criminal Act in sentencing him; and

b. That his conviction under the Habitual Criminal Act being void, he is entitled to his immediate release.

Assuming, without deciding that the Habitual Criminal Act was improperly applied, Petitioner is not entitled to immediate release. The Kansas Supreme Court has not passed upon the question of the use of a conviction by military court-martial as being a prior felony within the meaning of the State Habitual Criminal Act, and we do not deem it necessary to touch this question.

■ The sentence as an habitual criminal is separable from the sentence for burglary in the second degree and larceny, for which the Petitioner was tried and convicted.[2]

■ Under Petitioner's mandatory sentence of not less than five nor more than ten years for second degree burglary, K.S.A. 21–523, he is not entitled to an immediate release. The Kansas Board of Probation and Parole Rules and Regulations provide:

"45–6–2. GOOD TIME.

(a) Any inmate who maintains a good behavior and work record while confined in a penal institution shall be entitled to credit upon his sentence pursuant to the following schedule:

(i)     For sentences of less than one year, five (5) days for each month of the sentence;

(ii)    For the first full year of any sentence, two (2) months cred-

it, or ten (10) months to be served;

(iii)   For the second full year of any sentence, six (6) months credit, or six (6) months to be served;

(iv)    For each additional year after the second full year, five (5) months credit, or seven (7) months to be served.

\*      \*      \*      \*      \*      \*      \*

"45–6–5.    PAROLE CONSIDERATION.

(a) Except as provided in paragraph (c) of this regulation, an inmate who has served the minimum term of his sentence, less good time an incentive credits actually earned and retained shall be eligible for parole consideration. He shall be scheduled for hearing before the Board approximately two months before he first becomes eligible for release on parole.

\*      \*      \*      \*      \*      \*      \*

"45–6–8.    CONDITIONAL RELEASE.

(a) An inmate shall be granted conditional release when he has served his maximum term less good time and incentive credits earned and retained.

\*      \*      \*      \*      \*      \* "

Under these Regulations, Petitioner must serve seventy-two months, or six years, to be entitled to a conditional release. Petitioner was sentenced September 14, 1962, and must serve a term of six years before he is entitled to conditional release.

Habeas corpus will not properly lie unless a determination in Petitioner's favor would entitle him to immediate release. See cases cited under Footnote 2.

The Order of the District Court denying Petitioner's relief sought is

Affirmed.

2. McNally v. Hill, Warden, 293 U.S. 131–135, 55 S.Ct. 24; 79 L.Ed. 238; McGann v. Taylor (10 Cir.), 289 F.2d 820, 821, cert. denied 368 U.S. 904, 82 S.Ct. 182; McKinney v. Finletter (10 Cir.), 205 F.2d 761–763; Browning v. Crouse, (10 Cir.), 327 F.2d 529; Roberts v. Crouse (10 Cir.), 350 F.2d 299.