Christoforo Ramon VIALPANDO,
Appellant,

v.

Wayne K. PATTERSON, Warden of the
Colorado State Penitentiary, Appellee.

No. 9195.

United States Court of Appeals
Tenth Circuit.

Sept. 19, 1967.

Rehearing Denied Oct. 23, 1967.

Cannon Harvey, Denver, Colo. (Judson W. Detrick, Denver, Colo., on the brief), for appellant.

James F. Pamp, Denver, Colo. (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., James F. Pamp, Asst. Atty. Gen., on the brief), for appellee.

Before JONES *, SETH and HICKEY, Circuit Judges.

PER CURIAM:

The appellant, while serving a sentence of a court of Colorado in a prison of that state, attempted to escape and was sentenced, following a plea of guilty, for felonious escape. He was given a five year sentence to run consecutively with the sentence previously given. His good time accrual under his first sentence was forfeited by the attempted escape. He asserted, by a petition for habeas corpus, that because of the forfeiture of good time, he was placed in double jeopardy when charged for the escape as a separate offense. He also claims the information against him was improper, insufficient and violative of the Due Process Clause of the Federal Constitution.

The appellant is now confined by the State of Colorado under the first sentence. The validity of this sentence is not questioned. Granting the writ as to the second sentence would not effect the appellant's release.

In a leading case the Supreme Court, citing or making reference to Bacon's Abridgment, Hale's Pleas to the Crown, Coke's Institutes and many recent authorities, stated the principle in these words:

"The purpose of the proceeding * * * was to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention was

* Of the Fifth Circuit, sitting by designation.

found to be unlawful." McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

In another leading case it was stated:

"Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can only act on the body of the petitioner." Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

Among the many cases of this Court in which the doctrine has been stated and applied are Carpenter v. Crouse, 10th Cir. 1966, 358 F.2d 701; Osborne v. Taylor, 10th Cir. 1964, 328 F.2d 131, cert. den. 377 U.S. 1002, 84 S.Ct. 1936, 12 L.Ed. 2d 1051, reh. den. 379 U.S. 874, 85 S.Ct. 25, 13 L.Ed.2d 82; McGann v. Taylor, 10th Cir. 1961, 289 F.2d 820, cert. den. 368 U.S. 904, 82 S.Ct. 182, 7 L.Ed.2d 98.

Since the district court was without power to discharge the prisoner from custody, its order denying the petition for habeas corpus was a proper one. That order is

Affirmed.