William T. MILLER, Appellant,

v.

J. T. WILLINGHAM, Warden, Appellee.

No. 10009.

United States Court of Appeals
Tenth Circuit.

Sept. 23, 1968.

Jon L. Lawritson, Denver, Colo., for appellant.

Kenneth F. Crockett, Asst. U. S. Atty., Topeka, Kan. (Benjamin E. Franklin, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is an appeal from denial of a writ of habeas corpus by the United States District Court for the District of Kansas. The appellant, William T. Miller, is presently serving a five year sentence in the United States Penitentiary at Leavenworth, Kansas, for a Dyer Act violation, 18 U.S.C. § 2312. Miller plead guilty to the Dyer Act violation February, 1964, in the United States District Court for the Eastern District of Texas. When Miller entered his plea he was serving a sentence imposed by a Texas state court.

Three questions are presented by this appeal. First, is a writ of habeas corpus procedurally proper in this case; second, in the absence of explicit sentencing instructions was Miller's sentence to run concurrently or consecutively with a Texas state sentence he was serving when he plead guilty to the Dyer Act violation; third, is Miller entitled to have the writ issue?

In February, 1964, while serving a sentence in custody of the Director of the Texas Department of Corrections, Miller plead guilty to a Dyer Act violation. He was sentenced to a five year term without any comment by the sentencing judge concerning the concurrent or consecutive nature of the sentence vis-a-vis the uncompleted Texas sentence. After Miller was released by the Texas Department of Corrections, he was transferred to Leavenworth, Kansas, to serve the federal sentence.

Miller filed a writ of habeas corpus in the district court below contending that because the sentence of the United States District Court for the District of Texas did not provide that the federal sentence was to run consecutively with the Texas state sentence, the federal and state sentences must be construed to run concurrently. If the two sentences are concurrent, then Miller's federal sentence is complete because the time he has been in Leavenworth, plus the time in state custody after he received the federal sentence, less applicable credits, exceeds his five year federal sentence.

Miller further contends that the terms of his sentence are ambiguous because the judgment and commitment form filed by the district court was wrongfully altered in longhand by an unknown person after it was signed by the trial judge.

Lastly, Miller contends that the trial court failed to allow credit for pre-sentencing custody time.

■ A writ of habeas corpus is a procedurally proper remedy in the instant case.

"A prisoner in a federal penitentiary may be heard to contend in a proceeding in habeas corpus that he has fully served the sentence or sentences imposed upon him and therefore should be discharged from further confinement. Title 28, section 2255, United States Code, does not impinge upon the right to urge such a contention in habeas corpus. Brown v. Hunter, 10 Cir., 187 F.2d 543; Mills v. Hunter, 10 Cir., 204 F.2d 468." Darnell v. Looney, 239 F.2d 174 (10th Cir. 1956). Carpenter v. Crouse, 358 F.2d 701 (10th Cir. 1966) (dictum); Holloway v. Looney, 207 F.2d 433 (10th Cir. 1953) (dictum).

We therefore proceed to review the trial court's determination of the merits of the application.

■ Although viable, the case law rule that ambiguous sentences are concurrent, is of very limited application.[1] This is because 18 U.S.C. § 3568[2] is al-

---

1. Downey v. United States, 67 App.D.C. 192, 91 F.2d 223 (1937), is one of the few cases where the rule was actually applied. That opinion limited application of the rule to circumstances where the sentence was ambigious and not subject to correction.

2. 18 U.S.C. § 3568 provides: "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term 'offense' means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

most always controlling where the issue of concurrent versus consecutive sentences is raised. E. g., Powers v. Taylor, 327 F.2d 498 (10th Cir. 1964); Taylor v. Baker, 284 F.2d 43 (10th Cir. 1960); Hayward v. Looney, 246 F.2d 56 (10th Cir. 1957). This determination is, of course, predicated on the conclusion that Miller's sentence by the district court was not ambiguous; we so hold. Although an explicit statement by the sentencing court regarding the relationship between the federal and state sentence may have been desirable, it certainly is not mandatory. The federal district court was under no compulsion to recognize the existence of the uncompleted sentence of another jurisdiction. Harris v. United States, 356 F.2d 945 (10th Cir. 1966); Hayward v. Looney, 246 F.2d 56 (10th Cir. 1957). That court was, however, under compulsion to be cognizant of and give effect to all applicable United States Statutes. Hall v. St. Helena Parish School Bd., 268 F.Supp. 923 (E.D.La. 1967). In the absence of evidence to the contrary, we conclude that Miller was sentenced by the district court in full compliance with 18 U.S.C. § 3568. The absence of any reference to the concurrent or consecutive nature of the federal sentence vis-a-vis the Texas sentence did not create an ambiguity.

Miller's argument regarding alteration of the judgment and commitment form is without merit. The inscriptions on this form are obviously of an administrative nature, and necessary to the maintenance of a record for sentence computation. The sentencing judge could not determine with certitude when the federal sentence would begin because he did not know when Texas would relinquish custody. There is an obvious necessity for an administrative notation concerning commencement of Miller's federal internment. The fact that this notation was made on a copy of the judgment and commitment form does not render the original sentence ambiguous.

The allegation regarding pre-sentencing custody time is also without merit. The sentence begins to run in conformance with the language of 18 U.S.C. § 3568 and that language does not include time in custody, of the United States Marshal, awaiting return to the State of Texas.

Miller is not entitled to the relief he seeks because the sentence of the District Court for the Eastern District of Texas is not ambiguous. Therefore the case is controlled by previous Tenth Circuit decisions. E. g., Williams v. Taylor, 327 F.2d 322 (10th Cir. 1964); Taylor v. Baker, 284 F.2d 43 (10th Cir. 1960). Accord, Larios v. Madigan, 299 F.2d 98 (9th Cir. 1962); United States v. J. C. Martin Lumber Co., 246 F.2d 58 (5th Cir. 1957).

Affirmed.