996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter James MAMI, Defendant-Appellant.
 No. 92-1267.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Peter James Mami, while on probation after serving a portion of his sentence for a federal crime, was charged with violating the terms of his probation. The district court held a probation violation hearing on February 14, 1992. At the close of that hearing the court orally announced that defendant's parole was revoked and that he was sentenced to one year in custody of the attorney general. The oral statement did not say whether the sentence was to be served concurrently with or consecutive to a state sentence defendant was then serving. The written judgment entered on February 24, 1992, however, specified that defendant was to be imprisoned for one year to run consecutively to the previously imposed Colorado state sentence. Defendant filed no timely appeal from this judgment.
 
 
 3
 On April 1, 1992, while defendant remained in a federal detention facility under the writ of habeas corpus ad prosequendum that had procured his presence from state custody, defendant filed a "Motion for Order of Enforcement of Sentence and Judgment ... and Quashing of a Writ of Habeas Corpus Ad Prosequendum" seeking to have service of his federal sentence commence at once. In this manner, defendant sought to enforce a prior state court order directing that his three year sentence imposed in Colorado run concurrently with the federal sentence at issue in this appeal. Shortly thereafter, on May 15, 1992, defendant obtained a new order from the state court that had previously sentenced him, stating that his state sentence was to run concurrently with his federal sentence. The order included the statement, "The defendant is released to his federal detainer forthwith," and later, "Warrant to issue to the U.S. Marshall as a Detainer Warrant." Opening Brief of Appellant App.B. The motion defendant filed on April 1 was heard on August 28, 1992, after which the district court entered a minute order denying any relief. Defendant then filed a notice of appeal to this court on September 2, 1992.
 
 
 4
 Treated as an appeal from the district court's judgment entered February 24, 1992, directing that defendant's federal sentence on revocation of his probation run consecutively to the previously imposed Colorado state sentence, defendant's appeal is too late. The time limits contained in Fed.R.App.P. 4(b) for filing a notice of appeal are mandatory and jurisdictional. United States v. Davis, 929 F.2d 554, 557 (10th Cir.1991).
 
 
 5
 The motion filed on April 1 does not fit the requirements of Fed.R.Crim.P. 35 or any other rule permitting reopening of a judgment previously entered. We think, however, that the motion, liberally construed, may be characterized as a petition either under 28 U.S.C. § 2254, as involving his state court sentence, or under 28 U.S.C. § 2255, as a collateral attack on the federal sentence imposed in February. So treated, the appeal from the district court's judgment denying relief is timely.
 
 
 6
 Considering the matter as a § 2254 action, the district court properly denied relief because no federal constitutional violation was alleged or proved. Federal courts can only review state court judgments for violations of the federal constitution. In the instant case, as concerns the state court judgment, defendant merely seeks the aid of the federal court in enforcing the state-imposed sentence.
 
 
 7
 Viewed as a § 2255 challenge to the previously entered federal judgment specifying that the federal sentence be served consecutively to the state sentence, the attack also fails. At the time the federal court imposed the sentence there was no statutory or other presumption that multiple terms of imprisonment imposed at different times run consecutively; indeed, the presumption runs the other way, see 18 U.S.C. § 3584(a). The district court imposed only a single sentence. The court did not orally state when the sentence commenced to run; hence there was no necessary inconsistency between the oral and the written judgment. Further, under prior law this court has held that when a federal court sentence makes no reference to a state sentence the federal sentence runs consecutively to the state sentence, based upon the idea that a federal sentence of imprisonment cannot commence until the person is received at the federal facility. See, e.g., Miller v. Willingham, 400 F.2d 873, 874 (10th Cir.1968); Hayward v. Looney, 246 F.2d 56, 58 (10th Cir.1957).
 
 
 8
 The district court, in denying relief, commented that defendant's remedy, if there was one in the instant case, had to be obtained from the state court that had sentenced defendant on the state crime. Assuming that the state court intended what was stated in the May 15 order, that the defendant was to be released from state custody to commence his federal sentence, defendant must secure his relief from the state authorities, by procuring his discharge from state custody, thereby forcing the federal authorities to assume his custody and allowing defendant to commence service of his federal sentence.
 
 
 9
 AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3