United States Court of Appeals
Fourth Circuit.

Argued March 6, 1950.

Decided March 10, 1950.

Isaac Costner, pro se.

J. B. Craven, Jr., Asst. U. S. Atty., Morganton, N. C. (Thomas A. Uzzell, Jr., U. S. Atty., Asheville, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made under 28 U.S.C.A. § 2255 by a prisoner who had been released from custody prior to the expiration of his sentence because of "good time" earned during the course of his imprisonment. The relief asked by the motion was that appellant be relieved of the conditions imposed by the prison authorities upon his release.

Even if the court had jurisdiction to grant the relief sought upon a motion made under 28 U.S.C.A. § 2255, it is clear that such relief should not be granted. 18 U.S.C.A. § 4164 expressly provides that prisoners entitled to "good time" deductions from their sentences shall be treated as paroled prisoners until the expiration of their terms. Gould v. Green, 78 U.S.App.D.C. 363, 141 F.2d 533; Story v. Rives, 68 App. D.C. 325, 97 F.2d 182. The pertinent portion of that section is as follows: "A prisoner having served the term or terms for which he shall have been sentenced after June 29, 1932, less good time deductions, shall upon release be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms for which he was sentenced."

We think it clear, however, that the court has no jurisdiction to entertain a motion of this sort under 28 U.S.C.A. § 2255, which merely provides a remedy in the nature of writ of error coram nobis for attacking the judgment and sentence under which a prisoner is incarcerated. The attack here is not upon the judgment of the court, but upon action of the prison authorities.

Affirmed.