**UNITED STATES of America**

v.

**Robert FREEMAN.**

**Cr. No. 10–52.**

United States District Court
District of Columbia,
Criminal Division.

July 11, 1957.

Paul F. Leonard, Washington, D. C., for plaintiff.

George H. Foster, Jr., Asst. U. S. Atty., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This Court entered an order revoking Robert Freeman's probation on March 1, 1957. On May 2, 1957, Freeman filed a motion pursuant to 28 U.S.C. § 2255 to vacate that order. The Court appointed counsel for the petitioner and requested that a memorandum on the legal issues be submitted. The Court has received memoranda from petitioner's counsel as well as from government counsel and has given careful consideration to the arguments set forth therein. No hearing was

held upon the facts for they are clearly reflected in the motions, the files and the records. The only factual disagreement is whether the petitioner had counsel at the time probation was revoked. That dispute, however, is clearly resolved by the Court records. The petitioner was represented at the probation revocation proceeding by William Bryant, who was appointed by the Court. Counsel for both sides have agreed to submit the legal issues without oral argument.

The facts are as follows: The petitioner pleaded guilty on January 24, 1952, to an indictment charging unauthorized use of a vehicle. He received a suspended sentence and was placed on probation for a period of three years upon condition that financial restitution be made. Just prior to the expiration of the probationary period, the probation office reported the pending expiration to the Court with a statement of the conduct of the probationer, as required by statute.[1] Having carefully considered the report, the Court deemed it advisable to extend the probation period to February 27, 1957, two years from the date on which it would otherwise have terminated. Accordingly, the Court did so by appropriate order. On the 4th of February, 1957, in view of the imminent expiration of the extended probation period and in view of the probation officer's report that Freeman had violated the terms of his probation, the Court issued a bench warrant for Freeman's arrest and extended the period of probation for one more year.[2] On March 1, 1957,

---

1. 24 D.C.Code Section 104 (1951):

"Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable. At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the

probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, and the time of probation shall not be taken into account to diminish the time for which he was originally sentenced. (June 25, 1910, 36 Stat. 865, ch. 433, § 4.)"

2. This latter extension was ordered solely for the purpose of enabling the Court to

Freeman appeared before the Court with counsel and for good cause shown, his probation was revoked.

The legal issue involved may be simply stated: Whether the Court may extend a period of probation *ex parte*. The Court is now of the view that the extension of probationary periods in that manner constitutes an unwise practice and thus in the future the Court will require appearances of probationers and counsel before extending such periods.[3] However, the Court finds that the petitioner is not entitled to relief under 28 U.S.C. § 2255. The Supreme Court of the United States has held that probationers have no constitutional right to a hearing, even at the time of revocation, and that any such right stems from the probation statute involved.[4] If that rule is to be changed, it cannot be done by this Court.

The District of Columbia probation statute does not specifically require a hearing either at the time of extension or of revocation. The statute provides, in part, "Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable." That procedure was complied with in this case. The Court, after considering the report, deemed it advisable to extend probation. Therefore, the petitioner was not deprived of any statutory rights at the time his probationary period was extended. Nor was he deprived of any such rights when his probation was revoked. Accordingly the motion must be denied.

---

revoke probation during the probationary period. Although the Court felt that the issuance of the bench warrant would have been sufficient to preserve its jurisdiction, the granting of the extension constituted an added measure of precaution, taken at the request of the probation office.

3. This rule will not apply, however, when the probationer has violated the terms of his probation by failing to keep the probation officer advised of his whereabouts and, as a result, cannot be located. It will also not apply when the probationer has violated the terms of his probation by committing an offense against the laws of any jurisdiction and is incarcerated as a result. Nor is the Court prepared to say at this time that it will not permit the probationer to waive personal appearance or representation by counsel if he does so affirmatively and voluntarily.

4. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. See also Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266.