Robert FREEMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14216.

United States Court of Appeals District of Columbia Circuit.

Argued March 4, 1958.

Decided April 17, 1958.

Mr. Alton S. Bradford, Washington, D. C. (appointed by this Court), for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and George H. Foster, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before REED, Associate Justice of the Supreme Court, retired,* and EDGERTON, Chief Judge and WASHINGTON, Circuit Judge.

WASHINGTON, Circuit Judge.

This is an appeal from the denial by the District Court of relief under 28 U.S.C. § 2255 (1952). The facts are as follows:

On January 24, 1952, appellant pleaded guilty to a one-count indictment charging unauthorized use of a motor vehicle in violation of D.C.Code, § 22–2204 (1951). On February 28, 1952, he was sentenced to serve from one to three years. Execution of the sentence was suspended and appellant was placed on probation for three years. It was further ordered "that restitution be made through the Probation Officer of the Court." Restitution was imposed as a probationary condition to encourage appellant to make good the damage he had caused to the "borrowed" vehicle and to another car with which he collided while joy-riding.

---

* Sitting by designation pursuant to the provisions of Section 294(a), Title 28, U.S.Code.

Shortly before the probationary period was to expire the probation officer notified the District Court, pursuant to D.C. Code, § 24–104 (1951),[1] that appellant had failed to make proper restitution. On February 11, 1955, the District Court, *ex parte,* extended probation for two years from February 27, 1955. On January 30, 1957, the probation officer recommended to the court that probation be revoked because of appellant's failure (1) to make restitution, and (2) to conduct himself as a law-abiding citizen. On February 4, 1957, the District Court issued a bench warrant for appellant's arrest and, in view of the imminent expiration of the probationary period, the court extended probation, again *ex parte,* for one year from February 27, 1957. On March 1, 1957, appellant and court-appointed counsel appeared before the District Court. After hearing, probation was revoked and the one-to-three-year sentence imposed in 1952 was ordered into execution. No appeal was taken.

On May 2, 1957, appellant *pro se* moved to vacate sentence under 28 U.S.C. § 2255. The District Court appointed counsel for appellant. Counsel so appointed and the United States Attorney submitted memoranda on the legality of the *ex parte* extensions of probation, and of ordering the sentence executed. No evidentiary hearing was held on the motion to vacate. Judge Youngdahl denied the motion, filing a memorandum opinion. See D.C.D.C.1957, 160 F.Supp. 532.

■ Appellant here argues that the District Court lost its power to order the sentence executed when it twice—*ex parte*—extended appellant's probation. This is more particularly true, says appellant, since the maximum permissible sentence for the original crime was five years, and the sentence was not ordered into execution within five years after conviction. But no challenge is here made to the validity of appellant's conviction on a plea of guilty, or the manner in which sentence was initially imposed,[2] or the length of the original sentence.

■ In cases under Section 2255 where relief is appropriate a court is given power only to "vacate and set the judgment aside and * * * discharge the prisoner or resentence him or grant a new trial or correct the sentence * * *." None of these alternatives is applicable here. There is no infirmity alleged in the judgment or in the proceedings leading up to the judgment. Although a motion under Section 2255 may be utilized to attack a sentence which is "in excess of the maximum authorized by law," this refers only to the sentence as *imposed,* as distinct from the sentence as it is being *executed.* If appellant's sentence is being executed in a manner contrary to law, though we do not suggest that it is, he may seek habeas corpus

1. The cited statute provides:

"Upon the expiration of the term fixed for such probation, the probation officer shall report that fact to the court, with a statement of the conduct of the probationer while on probation, and the court may thereupon discharge the probationer from further supervision, or may extend the probation, as shall seem advisable. At any time during the probationary term the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, and the time of probation shall not be taken into account to diminish the time for which he was originally sentenced. (June 25, 1910, 36 Stat. 865, ch. 433, § 4.)"

2. Appellant does suggest here for the first time that restitution is not a proper probationary condition, since (he says) it amounts to use of criminal process to collect a civil debt. In this jurisdiction such a contention is not sustainable. See D.C.Code, § 24–102 (1951); Basile v. United States, D.C.Mun.App.1944, 38 A.2d 620; cf. Manley v. Butterfield, D.C. D.C.1953, 111 F.Supp. 783.

**354**

in the district of his confinement.[3]  Section 2255 is not broad enough to reach matters dealing with the execution of sentence.  See Costner v. United States, 4 Cir., 1950, 180 F.2d 892.

We note that if the issues raised by appellant were cognizable under Section 2255, we would consider the District Court's disposition quite proper.

Affirmed.

---

3.  Of course appellant could have appealed directly to this court from the District Court order of March 1, 1957, revoking probation and directing that the original sentence be executed.  There is no plausible suggestion on this record that such an appeal was frustrated.  See Smith v. United States, 1950, 88 U.S.App.D.C. 80, 187 F.2d 192, certiorari denied 1951, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358.