Stanley **HALPRIN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17323.

United States Court of Appeals Ninth Circuit.

Oct. 3, 1961.

Rehearing Denied Dec. 7, 1961.

William Keller, Court-appointed atty., Vernon G. Foster, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief Civil Div., Edward C. Geltman, and Robert Allen Smith, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and MURRAY, District Judge.

HAMLEY, Circuit Judge.

Stanley Halprin is incarcerated at The Federal Correctional Institution, Terminal Island, San Pedro, California, under sentences aggregating ten years, imposed by the United States District Court for the Southern District of New York, for violations of 21 U.S.C.A. §§ 173 and 174,

relating to narcotic drugs.[1] The sentences were imposed on October 26, 1956. Upon completion of one third of the ten-year period Halprin learned that by reason of the provisions of 26 U.S.C.A. § 7237(d) parole was not available to him. Being of the view that section 7237(d) cannot be applied to him without contravening the Constitution, Halprin commenced this habeas corpus proceeding in the United States District Court for the Southern District of California, Central Division.

Challenging the validity of his continued incarceration, Halprin contends that the deprivation of the possibility of parole is cruel and unusual punishment proscribed by the Eighth Amendment. He also contends that because of the asserted arbitrary and unreasonable penalty classifications provided in the Narcotic Control Act of 1956, 70 Stat. 567, 26 U.S.C.A. § 7237, that statute offends the due process clause of the Fifth Amendment.

The United States moved to dismiss the proceeding on the ground that it was not alleged in Halprin's application that he had applied for relief to the court which sentenced him, pursuant to 28 U.S.C.A. § 2255, and that the court is therefore without jurisdiction to entertain the proceeding. As a further ground for dismissal the United States urged that the circumstances on which Halprin relies do not constitute a deprivation of his constitutional rights.

Responsive to this motion, the district court dismissed the proceeding, but only on the ground that it appeared on the face of the application that there had been no deprivation of a constitutional right. Halprin appeals.

In this court the Government renews the contention impliedly rejected by the district court that the district court was without jurisdiction to entertain the proceeding.

It is provided in the first paragraph of 28 U.S.C.A. § 2255 that a federal prisoner claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or was otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The last paragraph of section 2255 reads as follows:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

As before noted, the record before us does not contain a copy of the sentences under which Halprin was imprisoned. We therefore do not know whether those sentences expressly provide that Halprin may not be paroled. But in any event the provisions of 26 U.S.C.A. § 7237(d) which preclude parole upon a conviction under certain statutes, including 21 U.S. C.A. §§ 173 and 174, are applicable whether or not the sentences contain a provision expressly withholding the right of parole. Thus Halprin is not attacking the sentences as *imposed* but as they are being *executed*.

This being the case, the proper remedy is habeas corpus and not a section 2255 proceeding. Freeman v. United States, D.C.Cir., 254 F.2d 352.[2] The district

---

1. Halprin was found guilty on two counts, one involving § 173 and the other § 174, these being his first narcotics offenses. The sentences were not made a part of the record and we do not know whether there are two five-year sentences to run consecutively, or two ten-year sentences to run concurrently. For present purposes, however, we do not need this information.

2. See also Darnell v. Looney, 10 Cir., 239 F.2d 174.

court therefore had jurisdiction to entertain the instant proceeding.

■■ Turning to the constitutional questions, Halprin first argues that the deprivation of the right to parole in connection with his convictions and sentences under sections 173 and 174 constitute cruel and unusual punishment within the meaning of the Eighth Amendment. Appellant cites Weems v. United States, 217 U.S. 349, 380–382, 30 S.Ct. 544, 54 L.Ed. 793, for the proposition that where a crime essentially similar to other crimes carries with it a grossly more severe penalty, that penalty may constitute cruel and unusual punishment. Appellant then directs our attention to what he regards as unreasonable variances in the provisions respecting availability of parole and duration of the sentence which may be imposed for the violation of various narcotics and marihuana laws.[3] In his view the provisions rendering parole unavailable and fixing the minimum sentences which may be imposed for violations of sections 173 and 174 render the penalties for violation of those statutes grossly more severe than for the violation of comparable narcotics and marihuana laws.

In so far as this argument calls into question the validity under the Eighth Amendment of 26 U.S.C.A. § 7237(d), withholding the privilege of parole in connection with certain offenses, it must be rejected unless Gallego v. United States, 9 Cir., 276 F.2d 914, 918, is overruled. We there held, in determining that section 7237(d) did not offend the Eighth Amendment, that the purpose of Congress in enacting that statute

" * * * does not exhibit an inclination to visit upon offenders such as appellant a penalty so out of proportion to the crime committed that

---

**3.** The violations and sentences which may be imposed to which appellant refers, all relating to first offenses, are the following:

| Violation | Penalty |
| --- | --- |
| Importing or bringing into the United States any narcotic drug without complying with regulations prescribed by the Commissioner of Narcotics. 21 U.S.C.A. § 173. | Mandatory sentence of from 5 to 20 years to which may be added a fine of not more than $20,000. No parole available. |
| Fraudulently or knowingly importing or bringing into the United States any narcotic drug contrary to law, or receiving, concealing, buying, selling any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought in contrary to law, or conspiring to commit any of such acts in violation of the laws of the United States. 21 U.S.C.A. § 174. | Same as for § 173. |
| Selling, bartering, exchanging, or giving away narcotic drugs except in pursuance of a written order on a form provided for that purpose by the secretary or his delegate. 26 U.S.C.A. § 4705(a). | Same as for § 173. |
| Manufacture of synthetic narcotic drugs under circumstances not authorized by 21 U.S.C.A. §§ 501–517. 21 U.S.C.A. §§ 505, 515. | Sentence of not more than 5 years or fine of not more than $10,000 or both. Parole available. |
| Unlawful possession of marihuana. 26 U.S.C.A. § 4744(a). | Mandatory sentence of from 2 to 10 years to which may be added a fine of not more than $20,000. Parole available. |
| Purchase, sale, dispensing or distributing narcotic drugs except in or from the original stamped package. 26 U.S.C.A. § 4704(a). | Same as for § 4744(a). |

it shocks a balanced sense of justice. At worst it merely forbids in this kind of case and for good reason the discretionary granting of special benefits which Congress did not have to permit in the first place."

Appellant invites the court to re-examine its decision in Gallego. If we should accede to that request, it would be necessary for us to recommend a rehearing en banc, following the procedure set out in Rule 23 of our rules. See Upton v. CIR, 9 Cir., 283 F.2d 716, 723.

Our further study of the matter has convinced us that Gallego ought not to be overruled, and we therefore decline to recommend an en banc hearing. In our view the withholding of the privilege of parole in connection with violations of sections 173 and 174 represents an appropriate legislative appraisal of the seriousness of those offenses. The instances in which parole remains available in connection with violations of narcotics and marihuana laws likewise evidence a proper legislative determination that less serious offenses are there involved.[4]

For the same reasons we conclude that the Eighth Amendment is not offended by the variances in the duration of sentences which may be imposed under the indicated statutes. In addition, these reasons require rejection of appellant's due process argument, since it is also predicated upon asserted arbitrary and unreasonable variances in the penalties which may be imposed.[5]

Affirmed.

---

4. The need for the elimination of probation, suspension of sentence, and parole with respect to first-offender "traffickers" in narcotics, dealt with in 21 U.S.C.A. §§ 173, 174, and 26 U.S.C.A. § 4705(a) (to confine ourselves to the statutes relied upon by appellant and listed in note 3) is dealt with at *considerable length* in House Report No. 2388 to accompany H.R. 11619 which became the Narcotic Control Act of 1956. 1956 U.S.Code Cong. and Adm.News, p. 3274, at pages 3284, 3303–3304. The committee was apparently of the view that it was not necessary to be as severe with first-offender "possessors" of marihuana (26 U.S.C.A. §

4744(a)) and offenders of the statutes concerning the manufacture of synthetic drugs, or the utilization of original packages (21 U.S.C.A. § 505; 26 U.S.C.A. § 4704(a)).

5. It may also be observed that appellant is hardly in a position to complain as to the severity of the sentences which could have been imposed upon him for violations of §§ 173 and 174, since the full severity of those sentences was not visited upon him. His ten-year aggregate sentence is only one fourth of the forty years that could have been imposed.