**James ALLEGRETTI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. P–2933.**

United States District Court
S. D. Illinois, N. D.

July 26, 1967.

Anna R. Lavin, Chicago, Ill., for petitioner.

Richard E. Eagleton, U. S. Atty., Peoria, Ill., for the United States.

### OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

This cause arises on a motion under Section 2255, Title 28, United States Code, to vacate or modify sentences. On July 13, 1967 the motion was docketed as a Civil Action pursuant to Memo No. 337 of the Administrative Office of the United States Courts.

Petitioner was sentenced in this court to the custody of the Attorney General of the United States for periods of five years and seven years, running concurrently, on June 26, 1962, after conviction of violation of Sections 2, 371 and 659 of Title 18, United States Code; and, as recited in the motion, is presently confined at the United States Institution at Springfield, Missouri. The motion further recites that he has been serving said sentences since the summer of 1965; that

---

within a year thereafter he suffered a series of three strokes which left him virtually helpless; that his physical condition and conditions of life are deplorable in several particulars; that the institution in which he is confined is unable to give appropriate attention to his physical ill-being; and that, because of these unusual circumstances, the sentence imposed by this court violates the prohibition against cruel and unusual punishment in the Eighth Amendment to the Constitution of the United States. An affidavit of Petitioner's brother, one Anthony Policheri, on the present physical condition of Petitioner, is attached to the basic motion, and an ancillary Motion for Entry of an Order in Aid of Securing Evidence and to Set for Hearing was also filed.

■ Section 2255 (Title 28, United States Code) requires hearing on a motion thereunder "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief". The motion here does not charge lack of jurisdiction to impose the sentences, or that the sentences were in excess of the maximum authorized by law, or that when imposed they were subject to collateral attack of any kind. The judgment of this court was affirmed and the validity of the sentences was not questioned on appeal (7 Cir., 340 F.2d 254, cert. den. 381 U.S. 911, 85 S.Ct. 1531, 14 L.Ed.2d 433).

■■ It seems clear that the motion does not attack the sentences as *imposed,* but rather as they are being *executed.* Thus it appears that the motion itself does show conclusively that no relief is available thereon. Freeman v. United States, 103 U.S.App.D.C. 15, 254 F.2d 352 (1958). See also Halprin v. United States, 295 F.2d 458 (9th Cir. 1961) and Darnell v. Looney, 239 F.2d 174 (10th Cir. 1956). The manner in which a defendant may have been treated by prison officials, even before sentence but after a plea of guilty, does not afford a basis for relief under Section 2255. United States v. Koptik, 300 F.2d 19, 23 (7th Cir. 1962),

cert. den. 370 U.S. 957, 82 S.Ct. 1609, 8 L.Ed.2d 823.

Accordingly, the pending Motion to Vacate or Modify Sentence is denied, as is the motion ancillary thereto.

Judgment is so ordered.