Morton SOBELL, Appellant,

v.

ATTORNEY GENERAL OF the UNITED STATES, DEPARTMENT OF JUSTICE, WASHINGTON, D. C. and Director, United States Bureau of Prisons, Department of Justice, Washington, D. C.

No. 17349.

United States Court of Appeals Third Circuit.

Argued July 30, 1968.

Decided Aug. 16, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 302.

---

Thomas I. Emerson, New Haven, Conn., for appellant.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for appellees.

Before FREEDMAN and SEITZ, Circuit Judges, and LAYTON, District Judge.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

On April 5, 1951, the plaintiff, appellant here, was sentenced in the United States District Court for the Southern District of New York to serve a thirty year sentence for conspiracy to violate the espionage statute (50 U.S.C. § 32(a) (1946 ed.)). He is now a prisoner in the federal penitentiary at Lewisburg,

Pennsylvania. On January 18, 1968, after unsuccessfully seeking relief from the Attorney General, he brought the present action in the district court [1] under the Administrative Procedure Act (5 U.S.C.A. §§ 702, 703, 704 and 706) and the Declaratory Judgment Act (28 U.S.C.A. § 2201) seeking a determination as to whether he was entitled to credit on his prison sentence for the periods:

1. from August 18, 1950, the date of arrest, to April 5, 1951, the date of his sentencing, and

2. from July 20, 1951, to February 25, 1952, the period during which his appeal was pending.

The district court denied plaintiff's claim for the period of pre-sentence imprisonment on the ground of lack of jurisdiction. It denied on the merits the request for appeal time credit. Plaintiff appeals both determinations. We are acting promptly because plaintiff is entitled to be released if there is merit to both of his claims.

We first consider the claim for pre-sentence credit. The district court held that although the plaintiff was incarcerated within its district, neither the Administrative Procedure Act nor the Declaratory Judgment Act gave that court jurisdiction. Rather, it held that under both 28 U.S.C.A. § 2255 and Rule 35 of the Federal Rules of Criminal Procedure the sentencing court (Southern District of New York) was the proper forum to decide this type of issue.

■ This action was brought against the Attorney General of the United States and the Director of the United States Bureau of Prisons. We need not decide whether the question is one going to the district court's jurisdiction because we are satisfied, in any event, that the claim for pre-sentence credit is within the ambit of 28 U.S.C.A. § 2255, and

therefore a matter for the sentencing court. Plaintiff's term of imprisonment is considered by defendants to have commenced on the date of sentencing. Plaintiff claims that 18 U.S.C.A. § 3568, as then in effect, required that his sentence commence on the date of his arrest. He also contends that the sentencing court intended to employ the earlier commencement date. Thus, plaintiff is asking this court, in substance, to make a determination regarding the commencement date of the sentence intended or required to be set by the sentencing court. The relief granted, if any, would come within that provision of § 2255 which permits the sentencing court to "correct the sentence." So viewed, plaintiff is attacking the correctness of the sentence as imposed. Under these circumstances, we conclude, as did the district court, that relief, if any, with respect to this claim is a matter for the sentencing court. Moreover, the Attorney General was not confronted with a situation where the governing law was clear. The statute applicable at the time of sentencing was by no means decisive of the present issue and no controlling opinion of the United States Supreme Court or of the Second Circuit was before the Attorney General.

Plaintiff says that the Attorney General exercised an administrative power when he issued a "Policy Statement" on February 9, 1968, in which he said that implementation was to be given to court decisions regarding jailtime credit on sentences imposed between October 2, 1960, and September 19, 1966. It is true that the Attorney General declared such a policy, but neither the policy by its terms nor its underlying authority would apply to plaintiff's sentence which, of course, was imposed before October 2, 1960. This is not to say that some of the reasoning of the policy statement might not be applicable to plaintiff's sentence. However, since we find that the authority

---

I. The action was instituted in the United States District Court for the District of Columbia but was transferred by that Court to the court below rather than to the sentencing court. We express no opinion as to the propriety of the transfer except to say that we do not consider that it constituted an adjudication of the issues here raised.

to grant the relief requested was in the sentencing court, our decision is not affected by his policy statement. Other reasons advanced by plaintiff are equally without merit and indeed, in some instances, point to the practical desirability of a determination of the present issue by the sentencing court. The district court's dismissal of this claim will be affirmed without prejudice to the merits thereof.

We next consider plaintiff's claim to credit for the period spent in custody while his appeal to the Second Circuit Court of Appeals was pending.

Plaintiff was sentenced on April 5, 1951. He was transferred to the federal penitentiary at Atlanta, Georgia. After transfer, he sought to be transferred back to New York in order to consult and assist his counsel concerning the appeal. To that end, and on the basis of his counsel's advice, he signed the following form:

> *"Election Not To Begin Service of Sentence*
>
> "Having heretofore taken an appeal from my sentence imposed on April 5, 1951, in the United States District Court for the Southern District of New York, I now elect not to commence service of the sentence.
>
> "Signed this 20 day of July, 1951."

Rule 38(a) (2) of the Federal Rules of Criminal Procedure, as then in effect, reads:

> "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

Thereafter plaintiff was transferred to New York and remained there while his appeal was processed.

■ We first note that the district court decided this issue on the merits. The defendants did not raise in the district court and do not here attack that court's jurisdiction to decide this issue.

The jurisdictional issue was, however, raised by the court at oral argument. The majority of the court believes that the district court had jurisdiction to declare plaintiff's rights here. The Attorney General administered the election procedure provided by F.R.Cr.P. 38(a) (2), and plaintiff was subject to his custody at the time he invoked this Rule. Plaintiff's attack on the consequences of his election was, of course, based on events occurring after his sentence was imposed. We believe that these factors authorized an action for declaratory judgment which was jurisdictionally justified by the federal habeas corpus statute [2] without prior resort to the sentencing court under 28 U.S.C.A. § 2253.[3] See Stinson v. United States, 342 F.2d 507 (8th Cir. 1965), Allen v. United States, 327 F.2d 58 (5th Cir. 1964), Halprin v. United States, 295 F.2d 458 (9th Cir. 1961), Freeman v. United States, 103 U.S.App.D.C. 15, 254 F.2d 352 (1958), Barrett v. Hunter, 180 F.2d 510, 514, 20 A.L.R.2d 965 (10th Cir.), cert. denied 340 U.S. 897, 71 S.Ct. 234, 95 L. Ed. 650 (1950), and Costner v. United States, 180 F.2d 892 (4th Cir. 1950). In view of our decision on this issue we need not consider whether the Administrative Procedure Act would also supply jurisdiction in this case.

■ As to the merits, plaintiff first contends that the waiver or "election" was not made with knowledge of its consequences and was therefore ineffective. He argues that he was not aware that by signing the election he would not be given credit for the time served while the appeal was pending. It is undisputed that prior to his signing the election form his counsel wrote him about the matter and he explicitly authorized his attorney to "start election proceedings immediately." It is further undisputed that, at counsel's request, the prison officials made the election document available for plaintiff's signature. Considering the language of the form and the undisputed

---

2. See 28 U.S.C.A. §§ 2241, 2243 and compare Shelton v. United States, 234 F.2d 132 (5th Cir. 1956).

3. We think Rule 35 of the F.R.Cr.P. is by its terms not here applicable.

facts surrounding its signing we can find nothing in this record which would relieve him from the consequence of his affirmative, attorney-counselled, action in signing the election form.

Plaintiff next asserts that the 1966 Amendment to Rule 38(a) (2), which abolishes the election procedure and gives credit generally, should be applied retrospectively.

■ In adopting the amendments, the United States Supreme Court's order provided that they "shall take effect on July 1, 1966, and shall govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending." 383 U.S. 1089 (1966). Plaintiff's counsel does not tell us how this case comes within the quoted language since admittedly no proceeding was pending on July 1, 1966. Nor is it suggested that this action is a "criminal proceeding thereafter commenced" within the meaning of the order. We do not find the amendment available to this plaintiff.

■ Plaintiff argues that denial of credit violates his right to Due Process and Equal Protection of the Laws. It is said that the election procedure imposed additional imprisonment on him because of his "financial inability to make bail." It is true that, as between one who could afford bail and one who could not, it worked a hardship on the latter if he elected not to commence serving his sentence. But this consequence flowed from what we must assume was a proper imprisonment. While the result may be unfair it is not sufficiently invidious to reach constitutional proportions.

Finally, plaintiff contends that denial of credit here violates his right to counsel guaranteed by the Sixth Amendment. Plaintiff's counsel in effect argues that he had a constitutional right to be present in a physical location where he could conveniently consult with his counsel concerning his appeal; that it constituted an undue burden on that right to condition its exercise upon the signing of an agreement which had the effect of forcing him to serve an additional period in custody.

■ By amending Rule 38(a) (2) to eliminate the election provision, the Supreme Court of the United States has indicated that the procedure left much to be desired. But we do not view the former procedure as being in violation of plaintiff's Sixth Amendment rights. It did not deny him his right to appeal and to consult with his counsel. Insofar as the "election" was involved, the plaintiff's choice was between immediate proximity to counsel and credit on his sentence. The choice given him did not, without more, constitute the placing of an impermissible burden on the exercise of his Sixth Amendment rights.

We affirm the judgment of the district court denying plaintiff's motion for summary judgment, granting defendants' motion to dismiss as to the issue of pre-sentence custody without prejudice to the merits and granting defendants' motion for summary judgment as to the issue of custody pending appeal.

FREEDMAN, Circuit Judge (concurring in part and dissenting in part).

I believe the District Court did not have jurisdiction over either of plaintiff's claims.

In my view plaintiff may not seek declaratory judgment in this court because relief is available to him under 28 U.S.C. § 2255. Relief available to federal prisoners under § 2255 parallels the scope of relief available to state prisoners on federal habeas corpus.[1] It is therefore well within the limits of § 2255 to assert collateral claims by which a prisoner's sentence would be reduced and his

---

1. See, e.g., United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Sanders v. United States, 373 U. S. 1, 12–14, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); cf. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), overruling McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).

earlier release obtained. The reported cases show that § 2255 has been invoked on claims for post-sentence credit[2] as well as for pre-sentence credit.[3] Here it is conceded that if the claims made are fully sustained plaintiff is entitled to immediate release.

Under the express requirement of § 2255 relief must be sought in the court which imposed the sentence.[4] This statutory restriction on the federal substitute for habeas corpus was specifically designed to avoid the necessity in habeas corpus cases of bringing the proceeding in the district where the applicant is confined. Its twofold purpose was to overcome the undue burden imposed on the courts of districts in which penitentiaries are located and to make more readily available the records of the sentencing court which at times may prove to be of significance. United States v. Hayman, 342 U.S. 205, 212–13, 72 S.Ct. 263, 96 L.Ed. 232 (1952). To entertain declaratory judgment actions in cases where § 2255 is available would destroy the Congressional purpose in the enactment of § 2255. Plaintiff's claim that the sentencing judge intended him to be credited with the period of his pre-sentence imprisonment, a matter which would best be determined in the sentencing court, illustrates the desirability of effectuating this purpose.

I see no reason to make a distinction in the Attorney General's determination of the duration of the sentence because his refusal to give credit is for the post-sentence rather than the pre-sentence period. In both cases the Attorney General was merely acting as an officer in charge of the management of the penitentiary. It was as the superior of the warden of the penitentiary that the Attorney General received the election which a prisoner was authorized to make under Rule 38(a), and the receipt of such election and its recognition was not the quasi-judicial action of an "agency" which would be subject to judicial review by declaratory judgment under the Administrative Procedure Act.[5]

Even if we had jurisdiction to consider the claim for post-sentence credit, I would in the exercise of our discretion under the Declaratory Judgment Act[6] leave it to be decided in the sentencing court as pendent to the claim for pre-sentence credit.

The appeal raises for me serious questions on the merits of the two claims. Believing, however, as I do that they should be decided only in the Southern District of New York, I concur in the dismissal without prejudice of the claim for pre-sentence credit and dissent from the dismissal on the merits of the claim for post-sentence credit.

2. See Norris v. United States, 190 F.2d 186 (5 Cir. 1951).

3. See United States v. Pratt, 276 F.Supp. 80 (D.N.J. 1967).

4. I find it unnecessary to decide whether relief would be available under Rule 35 of the Federal Rules of Criminal Procedure, for relief under that rule too must be sought in the court which imposed the sentence. See, e.g., Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966).

5. Compare decisions by a board of parole which are judicially reviewable. See Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F. 2d 844 (1961); see also Washington v.

Hagen, 287 F.2d 332 (3 Cir. 1960), cert. denied, 366 U.S. 970, 81 S.Ct. 1934, 6 L. Ed.2d 1259 (1961); Stinson v. United States, 342 F.2d 507 (8 Cir. 1965); Allen v. United States, 327 F.2d 58 (5 Cir. 1964); Halprin v. United States, 295 F. 2d 458 (9 Cir. 1961); Freeman v. United States, 103 U.S.App.D.C. 15, 254 F.2d 352 (1958); Costner v. United States, 180 F.2d 892 (4 Cir. 1950).

6. Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Company, 365 F.2d 802, 814 (3 Cir. 1966), reversed on other grounds, Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed. 2d 936 (1968).