Grace COSENTINO, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 71 C 2357.

United States District Court, N. D. Illinois, E. D.

Nov. 2, 1971.

Edward J. Calihan, Jr., Chicago, Ill., for petitioner.

William J. Bauer, U. S. Atty., James H. Alesia, Asst. U. S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

The petitioner, Grace Cosentino, is incarcerated in the United States Penitentiary, Alderson, West Virginia. Petitioner was sentenced by this Court to six years on Counts 3, 4, 5 and 6 and five years on Count 8 of the indictment in case number 68 CR 410, after a plea of guilty to the charge of the sale of counterfeit treasury notes; this sentence to run concurrently with the sentence of four years entered by the United States District Court for the Northern District of Texas in case number CR 3–885. Petitioner has brought this action pursuant to 28 U.S.C. § 2255 alleging that she has been denied parole solely on the ground that she has been found by the United States Board of Parole to be a member of "organized crime." She contends that this classification was imposed without due process since she was not given notice or an opportunity to respond to the classification. The Government has filed a motion to dismiss contending that this Court has no jurisdiction under 28 U.S. C. § 2255 to review the decisions of the United States Board of Parole regarding the execution of a valid sentence.

Title 28, United States Code, Section 2255 provides that a motion to vacate is applicable to:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was *imposed* in violation of the Constitu-

tion or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack * * *. (emphasis added)

The Supreme Court has interpreted the Section 2255 motion to vacate as "an independent and collateral inquiry into the validity of the conviction." United States v. Hayman, 342 U.S. 205, 222, 72 S.Ct. 263, 274, 96 L.Ed. 232 (1952). Since the petitioner is not challenging her conviction and the imposition of the sentence, but rather is challenging the execution of her sentence, the motion to vacate pursuant to 28 U.S.C. § 2255 will not lie. Mordecai v. United States, 137 U.S.App.D.C. 198, 421 F.2d 1133 (1969); Allen v. United States, 327 F. 2d 58 (5th Cir. 1964); United States v. Hock, 275 F.2d 726 (3rd Cir. 1960); Freeman v. United States, 103 U.S.App. D.C. 15, 254 F.2d 352 (1958). The Government's motion to dismiss is therefore granted and this action is hereby ordered dismissed.