**Steve GOMORI, Jr., Appellant,**

v.

**Floyd ARNOLD et al.**

**No. 75–2066.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 3, 1976.

Decided March 30, 1976.

---

872

Steve Gomori, Jr., pro se.

S. John Cottone, U. S. Atty., Laurence M. Kelly, Asst. U. S. Atty., Scranton, Pa., for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges the district court's denial of a federal prisoner's petition for a writ of habeas corpus, contending that the Warden of the U.S. Northeastern Penitentiary * has erroneously computed his effective release date under a federal sentence

---

* Floyd Arnold is the Warden. Presumably the "et al." included in the caption refers to his subordinate personnel and his colleagues in the U.S. Bureau of Prisons.

imposed on September 8, 1969, by the United States District Court for the Northern District of West Virginia. We affirm.

The chronology of four separate sentences the petitioner has been serving since April 29, 1970, is as follows:

1. Sentence of five to 15 years on February 6, 1969, by Pennsylvania state court with release on bail pending appeal.

2. Sentence of six years on September 8, 1969, by West Virginia federal court, with release on bail pending appeal.[1]

3. Sentence of one to 10 years on April 29, 1970, by Ohio state court and commitment for service of that sentence in Ohio institution on that date.

4. Concurrent sentences of three and five years subject to 18 U.S.C. § 4208(a)(2) on January 19, 1971, by United States District Court for the Northern District of Ohio.[2]

On April 29, 1971, petitioner was paroled from his Ohio state sentence and transferred to Pennsylvania to begin service of the sentence described under 1 above. He was released by the Pennsylvania Parole Board on February 20, 1974, and transferred to Lewisburg for service of the West Virginia federal sentence, since a detainer based on that sentence had been filed with the Pennsylvania authorities.

Petitioner contends that he has been held in illegal custody contrary to 18 U.S.C. § 4163 "after complete service of his legal sentence on May 1, 1975, of six years,"[3] since the effective commencement of the federal West Virginia sentence was January 19, 1971, when the Ohio federal sentencing judge recommended that a state institution be designated as the place of service for the Ohio federal sentence.

On the other hand, respondent contends that the West Virginia federal sentence could not have commenced prior to February 20, 1974, when he was released from state custody and arrived at the federal penitentiary to serve the remainder of his federal sentences described under 2 and 4 above.

I.

Preliminarily, we face the issue of whether the district court had subject matter jurisdiction of this petition for a writ of habeas corpus filed by a federal prisoner in the district where he is imprisoned[4] under 28 U.S.C. § 2241, in view of the terms of 28 U.S.C. § 2255, providing that a federal prisoner

". . . claiming the right to be released upon the ground that the sentence . . . is otherwise subject to collateral attack, may move the court which im-

---

1. The district court judgment of sentence was affirmed on April 12, 1971.

2. The transcript of the sentence includes this wording:

". . . therefore it is the order and judgment of this Court and the recommendation of this Court that the Attorney General of the United States designate the State institution in which you are presently confined in the State of Ohio, or any other State institution in the State of Ohio to which you may be subsequently transferred for any reason, as the place for serving *this* Federal sentence.

"It is further ordered that at such time as you are released from State custody in the State of Ohio, or such time as you are released for any purpose either having served the sentence or paroled prior to the serving of the State sentence in Ohio, that you not be detained or retained in Federal custody or transferred to a Federal institution to serve the balance of *this* sentence, but rather that you be released to the State of Pennsylvania

and to commence serving the State of Pennsylvania sentence. The Court at that time will then designate and does hereby designate for the balance of any sentence that there may be remaining with respect to *this* Federal sentence, the Court will then and does hereby designate and recommend that the Attorney General of the United States designate any State institution in Pennsylvania for the serving of the balance of *this* Federal sentence." (Emphasis supplied.)
No reference was made at the sentencing to the prior West Virginia federal sentence.

3. At page 21 of his brief, Gomori states:
"Presumptive concurrency doctrine was applicable to the two non-consecutive federal sentences with effective date of service as January 19, 1971, with a mandatory release date of May 1, 1975 for the longest of the two sentences served."

4. The United States District Court for the Middle District of Pennsylvania.

posed the sentence[5] to vacate, set aside or correct the sentence.

.    .    .    .    .

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him,   .   . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In *Sobell v. Attorney General of U.S., Dept. of Justice,* 400 F.2d 986 (3d Cir. 1968), we held that a claim by a defendant that he was entitled to credit for time served from the date of his arrest to the date of his federal sentence must be determined by the sentencing court under the terms of 28 U.S.C. § 2255, using this language at 988:

"Plaintiff claims that 18 U.S.C.A. § 3568, as then in effect, required that his sentence commence on the date of his arrest. He also contends that the sentencing intended to employ the earlier commencement date. Thus, plaintiff is asking this court, in substance, to make a determination regarding the commencement date of the sentence intended or required to be set by the sentencing court. The relief granted, if any, would come within that provision of § 2255 which permits the sentencing court to 'correct the sentence.' So viewed, plaintiff is attacking the correctness of the sentence as imposed. Under these circumstances, we conclude, as did the district court, that relief, if any, with respect to this claim is a matter for the sentencing court."

■ In this case, credit is being claimed for time served in state institutions subsequent to the imposition of the September 1969 federal West Virginia sentence and without either any indication that the West Virginia federal sentencing judge could have known the Pennsylvania sentence would be affirmed on appeal or that the Ohio crime had been committed. As stated in *Soyka v. Alldredge,* 481 F.2d 303, 306 (3d Cir. 1973), where petitioner challenges the effect of events "subsequent" to his sentence on that sentence, the habeas corpus remedy in 28 U.S.C. § 2241 is an appropriate remedy. This reasoning is supported by the emphasis placed by the Supreme Court of the United States in *United States v. Hayman,* 342 U.S. 205, 217 at note 25, 72 S.Ct. 263, 271, 96 L.Ed. 232, 240 (1952), on the purpose of 28 U.S.C. § 2255 as a remedy to correct erroneous sentences resulting from events in the trial court at or before sentencing. The major purpose was "to hold any required hearing in the sentencing court because of the inconvenience of transporting court officials and other necessary witnesses [readily available to the trial court] to the district of confinement" (220–21 of 342 U.S., 273 of 72 S.Ct., 242 of 96 L.Ed.). The Court in *Hayman* used this language at 218, 219 and 223, 72 S.Ct. at 272, 274, 96 L.Ed. at 241, 244:

"According to the Reviser's Note on Section 2255:

'This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis. It provides an expeditious remedy for correcting erroneous sentences without resort to habeas corpus. It has the approval of the Judicial Conference of the United States. Its principal provisions are incorporated in H.R. 4233, Seventy-ninth Congress [the so-called jurisdictional bill].'

.    .    .    .    .

"This review of the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by

---

**5.** The United States District Court for the Northern District of West Virginia.

affording the same rights in another and more convenient forum.

. . . . .

"In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing." (Footnotes omitted.)

Furthermore, the United States Courts of Appeals have consistently held that a challenge to a sentence as executed by the prison and parole authorities may be made by petition for a writ of habeas corpus, whereas a challenge to the sentence as imposed must be made under 28 U.S.C. § 2255. *Halprin v. United States,* 295 F.2d 458, 459 (9th Cir. 1961); *Freeman v. United States,* 103 U.S.App.D.C. 15, 254 F.2d 352, 353–54 (1958); *Costner v. United States,* 180 F.2d 892 (4th Cir. 1950);[6] *cf. United States ex rel. Marrero v. Warden,* 483 F.2d 656, 660–61 (3d Cir. 1973), *reversed on other grounds,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1975); *Soyka v. Alldredge, supra.*

■ For the foregoing reasons, we have concluded that the district court had jurisdiction over the petition for a writ of habeas corpus.

II.

■ Petitioner relies on this language at 18 U.S.C. § 3568 in support of his contention that the West Virginia sentence began on January 19, 1971:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . . No sentence shall prescribe any other method of computing the term."

However, petitioner was not received at either the Ohio or Pennsylvania institution for service of the West Virginia federal sentence. As stated in *Hayward v. Looney,* 246 F.2d 56, 58 (10th Cir. 1957), "the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence." Similarly, in *United States v. Kanton,* 362 F.2d 178, 179 at 179–80 (7th Cir. 1966), the court said:

"Absent clear intent to have defendant's sentence run concurrently with any state sentence, the execution of his federal sentence did not begin to run until the United States Marshal assumed custody over him at his place of detention to await transportation to the federal penitentiary."

■ A federal court has no power to direct that a federal sentence shall run concurrently with a state sentence. See *United States v. Janiec,* 505 F.2d 983, 987–88 (3d Cir. 1974). As noted in that case, a federal judge may recommend to the Attorney General that he designate a state institution as the place of service of a federal sentence in order to make it concurrent with a state sentence being served at that institution. See *United States v. DeVino,* 531 F.2d 182 (Opinion of March 4, 1976, 3d Cir.). The West Virginia federal court made no such recommendation, even though the Pennsylvania sentence had been entered more than seven months prior to its sentence, and the Attorney General made no such designation for service of the West Virginia federal sentence.

■ The rule of presumptive concurrency of sentences, in the absence of a specific directive that sentences be served consecutively, does not apply where one sentence is imposed by a federal court and the other by a state court. See *Verdejo v. Willingham,*

6. In *Costner, supra,* the court used this language:

"We think it clear, however, that the court has no jurisdiction to entertain a motion of this sort under 28 U.S.C.A. § 2255, which merely provides a remedy in the nature of writ of error coram nobis for attacking the judgment and sentence under which a prisoner is incarcerated. The attack here is not upon the judgment of the court, but upon action of the prison authorities."

198 F.Supp. 748 (M.D.Pa.1961), and cases there cited.

For the foregoing reasons, the judgment of the district court will be affirmed.