Anthony VANACORE, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 77–C–851 (74–CR–695) (74–CR–701).

United States District Court,
E. D. New York.

Sept. 16, 1977.

Anthony Vanacore, pro se.

David G. Trager, U.S. Atty., Eastern District of New York, Brooklyn, N.Y., for respondent; Edward S. Rudofsky, Asst. U.S. Atty., Brooklyn, N.Y., of counsel; Randy N. Eisenpress, Law Intern, on memorandum.

Memorandum of Decision and Order

MISHLER, Chief Judge.

■ Having once been denied relief, *see Vanacore v. United States*, 440 F.Supp. 442, (E.D.N.Y. June 20, 1977), Vanacore again petitions this court for an order vacating the sentence imposed on May 16, 1975. After accepting petitioner's plea of guilty to the filing of a false tax statement, 18 U.S.C. §§ 1001 and 3237(a), and the sale of cocaine from a package lacking in tax stamps, 26 U.S.C. § 4704(a), this court sentenced Vanacore to four years imprisonment pursuant to 18 U.S.C. § 4208(a)(2) (now 18 U.S.C. § 4205(b)(2)). Petitioner, who has served more than half of his term, now claims that this court was under a serious misapprehension at the time of sentencing, not knowing of the Commission's "mechanical" use of parole guidelines. Petitioner complains that the Parole Commission, in applying the guidelines and accordingly deciding to detain him past the one-third point of his sentence, frustrated this court's "intention" that he receive early parole consideration. Vanacore's claim is without merit.

Prior to 1973, the Board of Parole (now Parole Commission) looked primarily to a prisoner's institutional record and his propensity towards recidivism in evaluating whether or when he should be admitted to parole. *United States v. Salerno*, 538 F.2d 1005, 1007 (3d Cir. 1976); *see gen* 28 C.F.R. § 2.4 (1973). While this system was highly individualized, it failed to compensate for the often disparate sentences imposed by various judges. In an attempt to rectify these pervasive inequities, the Board adopted new criteria designed to inject certainty and consistency into parole decision making. *Grasso v. Norton*, 520 F.2d 27, 34 and n. 10 (2d Cir. 1975). The guidelines now presuppose institutional adjustment and program progress. *United States v. Salerno, supra* at 1008; *Grasso v. Norton, supra* at 34. The emphasis rather is on a prisoner's recidivistic tendencies and the severity of the underlying crime. The present scheme enables the court to turn to the presentence report, and predict with reasonable accuracy the suggested range of incarceration.

■ Congress vested the Parole Commission with broad discretionary powers to determine an inmate's parole eligibility. 18 U.S.C. § 4203(a); *Wiley v. United States Board of Parole*, 380 F.Supp. 1194, 1196 (M.D.Pa.1974). This court should not, and cannot, act as a super parole board and substitute its judgment in fixing the date of release. The evaluation of the progress of an inmate in predicting future behavior and the risk to society in releasing an inmate is best left to the Parole Commission. *Wiley v. United States Board of Parole, supra* at 944.

Moreover, this court was under no misapprehension, but was well aware of the standardized nature of the guidelines at the time of sentencing. *United States v. Slutsky*, 514 F.2d 1222, 1227 n. 17 (2d Cir. 1975). It intended, by imposing sentence under 18 U.S.C. § 4208(a)(2), to vest the Parole Commission with the full discretion to grant or deny Vanacore parole. This court expected only that petitioner would receive meaningful parole consideration in the form of a hearing shortly after incarceration and a full file review at the one-third point of his

term. *Grasso v. Norton, supra* at 36–37. The Parole Commission's decision to deny early parole release is not at odds with the court's purpose in sentencing petitioner under § 4208(a)(2).

A challenge to a sentence imposed on a plea of guilty under § 2255 is available only in that limited area where the sentencing court misapprehended the effect of the sentence. *United States v. Huss,* 520 F.2d 598, 603–04 (2d Cir. 1975). Section 2255 is not broad enough to reach matters dealing with the execution of sentence; i. e. claims that the sentence imposed was improperly implemented. *Freeman v. United States,* 103 U.S.App.D.C. 15, 16–17, 254 F.2d 352, 353–54 (1958). Challenges to parole board decisions are beyond its pale. This court does not have subject matter jurisdiction.

The motion is in all respects denied, and it is

SO ORDERED.

The Clerk is directed to enter judgment in favor of respondent and against petitioner dismissing the petition.