**UNITED STATES of America**

v.

**Morris Allen WOMBLE.**

**Crim. No. 76–216.**

United States District Court,
D. South Carolina,
Charleston Division.

Feb. 3, 1978.

John C. Ryan, Asst. U. S. Atty., Charleston, S. C., for plaintiff.

Landon M. Louthian, Charleston, S. C., for defendant.

## ORDER

BLATT, District Judge.

■ Petitioner filed a motion for reduction in sentence under F.R.Crim.P. 35 on April 8, 1977, within one hundred twenty (120) days of his sentencing on December 9, 1976. Petitioner was sentenced by this court

"to the custody of the Attorney General's representative for imprisonment for a period of three years."

This is a "straight" sentence under 18 U.S.C. § 4205(a) under which a prisoner is "eligible for release on parole after serving one-third of such term", 18 U.S.C. § 4205. 18 U.S.C. § 4206 provides that a prisoner shall be released on parole if his release would not depreciate the seriousness of his offense, jeopardize the public welfare, and *is in accordance with guidelines promulgated by the Parole Commission.* Prior to 1973, the Parole Commission had been basing parole decisions on the inmate's institutional conduct, probability of recidivism, and the interests of society, 28 C.F.R. § 2.4 (1973), which standards allowed for discretionary application to particular cases, and individualized treatment of parole applicants. In November, 1973, the Parole Board promulgated the "salient factor-severity rating" test, which is a mechanical

application of certain criteria resulting in an inmate's possibility of release being determined on a more uniform—(albeit, rigid) —basis nationwide, 28 C.F.R. § 2.20 (1976). This court, at the December 9, 1976, sentencing expressed its misgivings about the application of such a mechanical test, which test, if applied to the exclusion of other parole considerations, could restrict a truly meaningful personal evaluation of each parolee's case. The salient factor computation has, in this court's view, shifted even further the burden to the parolee to justify his release since, unlike the former guidelines where good prison behavior was a potential "plus", under the present salient factor system a good prison record is "neutral" and expected, and something extraordinary would seem to be required to counteract an unfavorable salient factor score.[1] If the present parole guidelines are justifiable, it must be because they "promote a more consistent exercise of discretion, and enable fairer and more equitable decision-making *without removing individual case consideration* " (emphasis added) 28 C.F.R. § 2.20 (1976). The question here is whether the evidence of record indicates that the Parole Board used the "salient factor-severity of offense rating" to the exclusion of other pertinent data, or whether it incorporated the above mentioned computation as a helpful step in its overall evaluation of the potential parolee. While not free from all doubt, this court is constrained to hold that the Parole Board has acted properly in this case. As heretofore noted (see Footnote 1, *supra* ), the language of the Board's rejection notice indicates that all pertinent information was reviewed.[2] Were this court convinced that the parolee was denied *meaningful consideration* for parole—(the apprehension expressed in this court's remarks at the December 9, 1976, sentencing) —it would not hesitate to order appropriate

---

1. This deduction is derived from the language of the petitioner's parole rejection.

   "Guidelines established by the Commission for adult cases which consider the above factors indicate a range of 20–26 months to be served before release for *cases with good institutional program performance and adjustment.* After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted."

2. Under 18 U.S.C. § 4207, this would include, where available, (a) prison staff reports, (b) previous parole or probation records, (c) presentence reports, (d) sentencing judge's recommendations, (e) medical reports.

relief. *See, United States v. Somers*, 552 F.2d 108 (3rd Cir. 1977) [sentence vacated under 28 U.S.C. § 2255, where parole board guidelines frustrated sentencing judge's expectation under what is now 18 U.S.C. § 4205(b), (judge unaware of new guidelines) by effectively denying parole until well beyond service of one-third of term]; *United States v. DiRusso*, 548 F.2d 372, 376 (1st Cir. 1976) [Rule 35, not 28 U.S.C. § 2255, provides valid relief where sentencing judge's expectations frustrated when he knew of guidelines at time of sentencing]; *United States v. Salerno*, 538 F.2d 1005 (3rd Cir. 1976) [28 U.S.C. § 2255 proper vehicle for review where guidelines not in contemplation of sentencing judge]; *United States v. Slutsky*, 514 F.2d 1222 (2nd Cir. 1975) [Rule 35 motion proper vehicle to correct sentencing frustration by guidelines]; *Compare, Kills Crow v. United States*, 555 F.2d 183, 188 (8th Cir. 1977) [Judge who imposes sentence after effective date of guidelines has no 28 U.S.C. § 2255 power to alter sentence even if guidelines frustrate his intent; Rule 35 is, however, proper vehicle]. From these opinions,[3] it is apparent to this court that a court has possible jurisdiction under 28 U.S.C. § 2255—(where the guidelines were not in its contemplation)—and certain power under F.R.Crim.P. 35 to reduce a sentence to conform to its expectations at the time of sentencing.[4] Balanced against this power is the duty to exercise such power sparingly in order that the sentencing court does not become a "super parole board." *United States v. Salerno*, 542 F.2d 628, 629 (3rd Cir. 1976). In the present case, this court's expectation at sentencing was that the petitioner would re-

ceive meaningful consideration for parole at the expiration of one-third of his sentence and that such consideration would not be prevented by the salient factor system. The record reflects that the petitioner was given full consideration for parole. (*See,* Footnote 1, *supra*). This court will not inject itself as "super parole board" to decide the wisdom of adopting the salient factor system as a first step in parole consideration.

Therefore, since it appears from the record that the Parole Board has exercised its discretion and has given the prisoner statutorily valid consideration for parole, and has not, solely on the basis of the "salient factor-severity of offense" characteristics, denied the petitioner parole, the motion for a reduction in sentence is denied.[5]

AND IT IS SO ORDERED.

---

**3.** While the Fourth Circuit has not yet fully considered these problems in sentencing which have so vexed the other circuits, *United States v. Bridges*, 565 F.2d 159 (1977) indicates in a brief statement this circuit's approval of broad discretion in parole determinations:

> ". . . this court concludes that in imposing sentence under § 4208(a)(2) [now § 4205(b)], the trial judge rightly confided the matter of Bridges' parole eligibility to the discretion of the Board of Parole."

Perhaps a definitive answer will be forthcoming in the anticipated opinion in *Farmer v. United States Parole Commission* (C/A 77–2019, ready for argument as of 2/1/78, not yet

scheduled) which has raised the question in the setting of an 18 U.S.C. § 4205(b)(2) sentence.

**4.** Additionally, 28 U.S.C. § 2241 has been indicated as a proper vehicle to attack the Parole Guidelines as a denial of meaningful consideration. *See, Kills Crow v. United States*, 555 F.2d 183, 189 n. 9 (8th Cir. 1977); *Banks v. United States*, 553 F.2d 37 (8th Cir. 1977).

**5.** *See, Vanacore v. United States*, 440 F.Supp. 442 (E.D.N.Y.1977) for a recent decision—(although brought under 28 U.S.C. § 2255)—in line with this court's view of the interaction of the Parole Guidelines with the sentencing judge's expectations.