**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-2103

———————

CHIDI EZEOBI,
Appellant

v.

WARDEN FAIRTON FCI

———————

On Appeal from the United States District Court
for the District of New Jersey
No. 1:16-cv-01684
District Judge: Hon. Renee M. Bumb

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 2, 2019

———————

Before: McKEE, PORTER, and RENDELL,
*Circuit Judges.*

(Filed:  July 22, 2019)

———————

OPINION*

———————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Chidi Ezeobi claims that he was entitled to prior custody credit under 18 U.S.C. § 3585(b) for the seven months he spent incarcerated in the United Kingdom pending deportation back to the United States to answer charges here. Though it appears that the original sentencing court agreed with him, the Bureau of Prisons ("BOP") did not and withheld the credit. Addressing Ezeobi's subsequently filed petition for a writ of habeas corpus, the District Court agreed with the BOP. For the reasons discussed below, we will affirm the District Court's denial of Ezeobi's habeas petition.

**I**

In July 2010, Ezeobi was indicted in the Southern District of New York ("SDNY") on four charges of conspiracy to distribute and conspiracy to export controlled substances in violation of 21 U.S.C. §§ 841, 846, and 963. But Ezeobi was not in the SDNY at the time of his indictment. He was serving an unrelated sentence in the U.K. On August 9, 2010, the U.S. Government requested that the U.K. issue a provisional arrest warrant for Ezeobi, but the U.K. declined because he was already serving a domestic sentence.

That was bad news for Ezeobi. Though not scheduled for release from the U.K. until May 2011, Ezeobi had qualified for early deportation to Nigeria. He was set to be voluntarily deported later that August. But once the indictment issued, he was no longer eligible for the early deportation program and was placed back in custody to serve out the remainder of his term. All told, he would remain incarcerated for seven more months until, on March 3, 2011, Ezeobi was deported back to the U.S.

2

Later that year, Ezeobi was convicted of conspiracy to distribute and conspiracy to export cocaine. He was sentenced to 151 months' imprisonment followed by a period of supervised release. But because of a retroactive change to the Sentencing Guidelines, his sentence was later reduced to 121 months.

When pronouncing Ezeobi's sentence, the original sentencing court in the SDNY noted that the BOP should be aware that Ezeobi "was held in the U.K. pursuant to a request of the government from August of 2010." App. 63–64. And in its written order, it recommended that Ezeobi receive "seven (7) months, 8/2010 thru 3/2011, of credit for the time he was held in the UK pursuant to the request of the U.S. Government pending transfer to the US for prosecution." App. 32. Yet, while the BOP credited Ezeobi with the time he had spent in custody since returning to the U.S., it did not credit him with the seven months spent in the U.K. while awaiting deportation. Instead, the BOP concluded that Ezeobi was incarcerated in the U.K., pending deportation, on his foreign conviction and was not entitled to credit for that time.

Ezeobi petitioned for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of New Jersey, alleging that the BOP violated his rights when it denied the prior custody credit that the SDNY sentencing court had recommended. The District Court denied the petition and Ezeobi timely appealed.

**II**

Petitions for writs of habeas corpus raise federal questions, giving the District Court jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 over Ezeobi's appeal from the District Court's order denying his habeas

3

petition. In reviewing the denial of a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, we "exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

## III

The Attorney General, through the BOP, is responsible for administering federal prison sentences, including calculating the time a federal prisoner must serve. *United States v. Wilson*, 503 U.S. 329, 335 (1992). By statute, federal prisoners are generally entitled to credit against their sentences for time spent incarcerated for the offense for which they were imprisoned, or on other arrests "after the commission of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). But this prior custody credit may be granted only if it "has not been credited against another sentence." *Id.*

Ezeobi claims that he was entitled to prior custody credit for the seven months he spent incarcerated in the U.K. pending deportation back to the U.S. But the District Court found that during those seven months, Ezeobi "was in custody of the U.K. for service of a sentence imposed by the U.K. before his federal indictment," App. 24, and that Ezeobi "received credit against his U.K. sentence for that time in custody," App. 25. Factual findings are clearly erroneous only "where [they] are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 416 (3d Cir. 2013). Here, the

4

District Court's factual findings are supported by evidence that is both adequate and substantial,[1] and which the Court properly weighed, so we will uphold them.

Because Ezeobi received credit against his U.K. sentence for the time he spent incarcerated in the U.K., the BOP did not err when it refused to give Ezeobi prior custody credit for those seven months. Consequently, the District Court did not err when it denied his petition for a writ of habeas corpus.

Even so, it appears that the original sentencing court mistakenly thought that Ezeobi would be given credit for that time and imposed a sentence that reflected its assumption. Of course, the sentencing court does not determine prior custody credit. *Wilson*, 503 U.S. at 333–34. But Ezeobi claims that, had the sentencing court known that he would not receive credit for the months he spent in the U.K. pending deportation, it may have imposed a different sentence. In the alternative, then, Ezeobi asks us to remand this case to the original sentencing court to reconsider his sentence. But that court, in the SDNY, does not fall within our jurisdiction.

Thankfully for Ezeobi, there is an avenue by which he may make his case before the original sentencing court. Under 28 U.S.C. § 2255(a),

---

[1] *See* Declaration of Bryan Erickson, SA 41–47 (affidavit stating that (1) Ezeobi was serving a foreign sentence in the U.K. when the indictment issued in the SDNY; (2) the U.K. refused the U.S.'s request for a provisional warrant because Ezeobi was already serving a sentence in the U.K.; and (3) Ezeobi was deported to the U.S. in March 2011, before his U.K. sentence expired in May 2011); SA 72 (file memo explaining that all of Ezeobi's time incarcerated in the U.K. was credited toward his U.K. sentence; he "was not extradited, he was deported and was never in extradition custody subject to the provisional arrest warrant of the United States"); SA 70 (internal email confirming the same).

5

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence is … otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

(emphasis added). In *In re Dorsainvil*, we explained that Section 2255 was enacted "to allow for collateral review of the sentences of federal prisoners in the trial court," rather than the district court in which the prisoner is confined. 119 F.3d 245, 249 (3d Cir. 1997). And in *Gomori v. Arnold*, we recognized that "a challenge to the sentence as imposed must be made under 28 U.S.C. § 2255." 533 F.2d 871, 875 (3d Cir. 1976). If Ezeobi wishes to further pursue his collateral challenges to his sentence, the proper vehicle is a petition filed in the SDNY under Section 2255.

**IV**

Under 18 U.S.C. § 3585(b), Ezeobi was not entitled to prior custody credit for the seven months he spent incarcerated in the U.K. pending deportation to the U.S. The BOP did not err when it refused to credit Ezeobi with that time and the District Court did not err when it denied Ezeobi's habeas petition. We will affirm the District Court.

6